ROBERT J. FENNEMORE vs. FRANK M. ARMSTRONG.

1. SHERIFFS AND CONSTABLES—PROCESS AS PROTECTION—SEARCH WARRANTS—ALTERATION.
   The constable, having a search warrant for a particular house, cannot justify his search of another house by altering the warrant to include the house searched, and his act in so doing was wrongful.

2. SHERIFFS AND CONSTABLES—SEARCH WITHOUT A WARRANT—"TRESPASSER".
   If a constable enters a dwelling house occupied by another against the latter's will to search for stolen property without a warrant, he is a "trespasser", and liable in damages to the person injured.

3. SHERIFFS AND CONSTABLES—SEARCH WITHOUT A WARRANT—TRESPASSER.
   In such a case the person who procures the search and accompanies the officer in making it is also a "trespasser", and liable in damages.

4. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—INCRIMINATING EVIDENCE.
   No amount of suspicion or incriminating evidence will justify a search of a house for stolen goods without a search warrant to search that particular house, unless the occupant consents.

5. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—CONSENT OF OCCUPANT—"TRESPASS".
   Search of a dwelling house with the consent of the owner and occupant in a peaceable manner and without damage, although without a warrant, is not a trespass.

6. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—CONSENT UNDER MISAPPREHENSION.
   Though plaintiff, under a mistaken apprehension that the officer had a warrant to search his house, voluntarily consented to the search, which was made in a peaceable manner without damage to the plaintiff's property, he could not recover; there being no trespass.

7. SHERIFFS AND CONSTABLES—SEARCH WITHOUT WARRANT—QUESTION FOR JURY.
   Where the search by a constable without warrant is not denied, it is a question for the jury whether the householder voluntarily consented to the search.

8. SHERIFFS AND CONSTABLES—SEARCH WITHOUT WARRANT—NOMINAL DAMAGES.

Where the plaintiff in an action against a constable and another for trespass did not voluntarily consent to the search, he was entitled at least to nominal damages.

9. SEARCHES AND SEIZURES—ACTIONS FOR WRONGFUL SEARCH—DAMAGES—MEASURE OF DAMAGES.

The measure of damages in an action of trespass for unlawfully entering and searching the dwelling of another is reasonable compensation for the injuries to his property, to his reputation, and to his feelings, and for any disturbance of his family, but exemplary damages may also be recovered where the one making a search acted with malice.

10. SEARCHES AND SEIZURES—ACTIONS FOR WRONGFUL SEARCH—DAMAGES—PUNITIVE DAMAGES—QUESTION FOR JURY.

In an action for trespass committed in a wrongful search without warrant, the question is for the jury whether any malice has been shown to warrant punitive damages, which can only be awarded where the defendant's conduct was wanton, gross, or malicious.

11. EVIDENCE—WEIGHT OF TESTIMONY—DUTY FOR JURY.

In an action of trespass for a wrongful search without a warrant, the jury is the exclusive judge of the weight and value of the testimony, which it must reconcile, if possible, and, if not, must weigh the testimony upon the appearance of the witnesses, their apparent fairness, their manner on the stand, their ability to testify, and their knowledge of the things to which they testify.

12. EVIDENCE—QUANTUM OF EVIDENCE.

In civil actions the verdict of the jury must be based upon the preponderance or greater weight of the testimony, and not necessarily upon the greater number of witnesses.

(*December* 2, 1915.)

Judges BOYCE and RICE sitting.
*Levin Irving Handy* and *Wilbur L. Adams* for plaintiff.
*Daniel O. Hastings* and *Clarence A. Southerland* for defendant.
Superior Court, New Castle County, November Term, 1915.

SUMMONS CASE IN TRESPASS, No. 156, September Term, 1914.

Action by Robert J. Fennemore against Frank M. Armstrong to recover damages for injuries to his property, reputation and feelings, occasioned by an alleged illegal search of his dwelling house and premises. The facts appear in the charge of the court.

BOYCE, J., charging the jury:
This is an action of trespass brought by Robert J.

Fennemore against Frank Armstrong to recover damages for injuries to his property, reputation and feelings, occasioned by an . alleged illegal search of his dwelling house and premises.

*Section* 3983, *Revised Code* of 1915, provides that

"Any justice of the peace, or other magistrate authorized to issue warrants in criminal cases, may, within the limits of his jurisdiction, issue his warrant to search any house, or place, for property stolen.   *   *   *

"The application, or complaint, shall be in writing, signed by the complainant and verified by his oath, or affirmation.   It shall designate the house or place, to be searched, and the owner, or cocupant thereof (if any), and shall describe the things   *   *   *   sought, as particularly as may be, and shall substantially allege the offense committed   *   *   *   in relation to such   *   *   *   thing   * ` *   *   for which said search is made, and that the complainant has probable cause to suspect, and does suspect that the same is concealed in the house or place designated.

"The warrant may be directed to any proper officer   *   *   *   for service;   it shall recite the essential facts alleged in the complaint, and may be made returnable," etc.

A justice of the peace, in whose jurisdiction the plaintiff resided at the time of the grievances complained of in this action, did, upon the complaint of a county constable, made upon information of the defendant by a 'phone message, issue a warrant, in substantial compliance with the statute, to search the house and premises of one Thomas Biddle for stolen chickens, the property of the defendant; and directed the warrant to said constable for service. . The right of search under the warrant was confined to the dwelling and premises of Thomas Biddle, and did not authorize the search of the plaintiff's residence.

It is not claimed for the defendant that the constable, who, together with the defendant, made search of the plaintiff's house and premises, in the daytime between twelve and one o'clock, in the latter part of November, A. D. 1913, shortly before the time laid in the declaration, had a warrant for that purpose.

The claim is made, however, that the constable, after having received the warrant, directed to him by the justice, in company with another, met the defendant and two or three others at the place appointed by the defendant, near the home of the plaintiff, and learning that the defendant, for reasons which have been detailed to you, suspected that the stolen chickens were within

the house and premises of the plaintiff, they all went to the home of the plaintiff where they found him standing in the kitchen door, his housekeeper and two others being in the kitchen, and another in the yard near by. That after some conversation with the plaintiff, the constable informed him that chickens of the defendant had been stolen, and that he desired to search his house; that the plaintiff told him to make the search and find the chickens if he could, and stood aside and allowed the constable and the defendant to pass into and search the house; that having made the search and on coming out of the house without finding the chickens, the plaintiff demanded to see their warrant for searching his house. This the constable declined.

On the other hand, it is claimed for the plaintiff that he demanded to see the warrant before the search was made, and that he did not give his consent to have his house searched without the production of the warrant.

[1] The constable admits that he did not have a warrant to search the house of the plaintiff, but that, after going to his home and before returning the warrant to the justice issuing it, the name of the plaintiff was inserted in the warrant. This, of course, he had no right to do.

[2, 3] If a constable enters the dwelling house in the occupancy of another against the latter's will for the purpose of searching for stolen property without a warrant therefor, he is a trespasser and liable in damages to the person injured. So too is the person procuring such search and accompanying the officer in making the same, a trespasser and liable in damages; for under such circumstances the acts of each are illegal.

[4] No amount of suspicion or incriminating evidence will justify any search of a residence for stolen goods without a search warrant having been issued to search that particular house, unless the occupant voluntarily consents thereto.

[5] It is not a trespass to search a dwelling for stolen property without a warrant, if the owner and occupant consents thereto, provided the search is made in a peaceable manner and without damage to the property.

[6, 7] If the plaintiff, whether believing the officer had, or

had not, a warrant to search his dwelling, voluntarily consented to the search made by the officer and the defendant, and if the search was made in a peaceable manner without damage to the property of the plaintiff there can be no recovery in this case; for there can be no trespass under such circumstances. Where, as in this case, it is not denied that the plaintiff's dwelling was searched for stolen property by the defendant in company with the constable without a warrant therefor, it is for you to determine from all the evidence whether the plaintiff voluntarily consented to the search.

[8] If the plaintiff did not voluntarily consent to the search, your verdict should be for the plaintiff, at least, for nominal damages.

[9] The measure of compensatory damages in an action of trespass for unlawfully entering and searching the dwelling and premises of another is such a sum as will reasonably compensate the injured party for injuries to his property, if any, and for injuries to his reputation and feelings, and for any disturbance of his family.

Exemplary damages may be recovered in an action of this kind where it is shown that the defendant in making a search for stolen property, without a warrant, and without the consent of the owner, acted with malice.

[10] Whether any malice has been shown such as to warrant punitive damages, if you should find for the plaintiff, you are to determine from all the facts and circumstances of this case. To warrant such damages it should appear that the conduct of the defendant was wanton, gross or malicious.

[11, 12] Gentlemen, you are the exclusive judges of the weight and value of the testimony of the witnesses, and where there is conflict in the evidence, as in this case, you are first to reconcile that conflict, if you can. If you cannot, you are to give credit to those witnesses, whom, from all the circumstances— the appearance of the witnesses, their apparent fairness, their manner on the stand, their ability to testify, and their knowledge of the things to which they testify—you deem most worthy of credit; and reject that part of the testimony which you deem

to be unworthy of credit. In civil actions your verdict should be based upon the preponderance, or greater weight, of the testimony, and not necessarily upon the greater number of witnesses. You are, therefore, to decide this case, under the evidence, in favor of that party for whom there is the greater weight or preponderance of the testimony.

Verdict for defendant.